## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

BARBARA MARTIN and THE      :
THOMAS J. MARTIN PROFIT     :
SHARING PLAN AND TRUST,     :
                       :
    Plaintiffs,          :    CIVIL ACTION NO.
                       :    1:13-CV-01740-RWS
v.                          :
                       :
BETH ROGERS,                :
                       :
    Defendant.           :

## ORDER

This case comes before the Court on Plaintiffs Barbara Martin and the

Thomas J. Martin Profit Sharing Plan and Trust's Motion to Remand [7] and

Defendant Beth Rogers's Motion to Dismiss [2]. After reviewing the record, the

Court enters the following Order.

### Background

On October 18, 2012, the Federal Deposit Insurance Corporation, acting

as Receiver for Silverton Bank, N.A. ("FDIC-R"), obtained a default judgment

in the amount of $558,710.94 against Thomas J. Martin, the husband of

Plaintiff Barbara Martin, in the United States District Court for the Northern

District of Georgia. (Compl., Dkt. [1-2] ¶ 7.)[1] On November 9, 2012, the FDIC-R obtained a writ of execution against Mr. Martin. (Id. ¶ 10.) Defendant Beth Rogers ("Rogers"), of Rogers Law Offices, represented the FDIC-R in obtaining the judgment and conducting the levy currently at issue. (Id. ¶¶ 8, 15.)

After this Court entered a judgment against Mr. Martin, Rogers conducted discovery, deposing Mr. Martin twice and Mrs. Martin once. (Id. ¶¶ 11, 14.) Through her depositions, Rogers learned that Mr. Martin possessed a large coin collection that belonged to the Thomas J. Martin Profit Sharing Plan and Trust ("Trust"), and that Mr. and Mrs. Martin jointly owned personal property located in their home. (Id. ¶¶ 25-26.)

On the morning of April 5, 2014, Rogers, accompanied by the Gwinnett County Sheriff's Department, arrived at the Martins' residence to conduct the levy without providing notice either to the Martins or their counsel. (Id. ¶ 15.) While the levy was underway, the Martins allegedly informed the Sheriff's Department that all items in the house belonged to the Martins jointly, except for Mr. Martin's wrist watch, which he owned exclusively. (Id. ¶ 16.) After

---

[1] This Court entered the judgment against Mr. Martin in Case No. 1:12-CV-02950-RWS.

2

informing Rogers that they owned the property in the home jointly and that she should stop the levy, the Martins contacted their counsel, who later arrived at the home. (Id. ¶ 17.)

Sometime during the levy, Mrs. Martin began suffering from chest pains and was later transported to the hospital by Emergency Medical Technicians ("EMTs"). (Id. ¶ 18.) After the EMTs took Mrs. Martin from the property, counsel for the Martins reached an agreement with Rogers to temporarily stop the levy if Mr. Martin turned over a large collection of coins owned by the Trust. (Id. ¶¶ 21-22.)

Plaintiffs brought this action in the Superior Court of Gwinnett County on April 24, 2013, asserting claims for wrongful levy and trespass (Count I), intentional infliction of emotional distress (Count V), and theft (Count VI). Plaintiffs also seek declaratory judgments (Count II, IV) and make a claim under oath (Count III).

Asserting federal question jurisdiction, Defendant then removed the action to this Court on May 23, 2013 (Dkt. [1-1]). Specifically, Defendant removed this case under the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), 12 U.S.C. §§ 1819, 1821, which permits the

FDIC to remove cases to federal court. Defendant filed a Motion to Dismiss [2]

on May 30. Finally, Plaintiffs file a Motion to Remand to State Court [7] on

June 17.

## Discussion

**I.      Plaintiffs' Motion to Remand [7]**

A.     Legal Standard

28 U.S.C. § 1441(a) provides that "any civil action brought in a State

court of which the district courts have original jurisdiction, may be removed by

the defendant or defendants." Generally, there is a presumption against federal

jurisdiction, and the burden of demonstrating jurisdiction is on the party seeking

removal. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377

(1994); Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir.

2001). "[F]ederal jurisdiction exists only when a federal question is presented

on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v.

Williams, 482 U.S. 386, 392 (1987) (citation omitted).  However, "[i]n certain

circumstances . . . Congress may set out a jurisdictional statute which serves to

overcome the general rule requiring the appearance of a question of federal law

in one of the well-pleaded state claims." Lazuka v. FDIC, 931 F.2d 1530, 1534

4

(11th Cir. 1991) (citing <u>Mesa v. California</u>, 489 U.S. 121, 136 (1989)). FIRREA is one such statute.

FIRREA "was enacted to strengthen regulation of the nation's financial system in the wake of the savings and loan crisis of the 1980s." <u>Iberiabank v. Beneva 41-I, LLC</u>, 701 F.3d 916, 921 (11th Cir. 2012). The act grants the FDIC broad powers and "provides a mechanism for dealing with financially distressed banks in a way that preserves their going-concern value." <u>Id.</u> (citation omitted).

Pursuant to FIRREA, "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." <u>Lindley v. FDIC</u>, 733 F.3d 1043, 1050 (11th Cir. 2013) (quoting 12 U.S.C. § 1819(b)(2)(A)) (internal quotation marks omitted). Furthermore, "with one limited exception, 'the [FDIC] may . . . remove any action, suit, or proceeding from a State court to the appropriate United States district court.' " <u>Id.</u> (quoting 12 U.S.C. § 1819(b)(2)(B)); <u>see also</u> <u>RES GA Four, LLC v. Avalon Builders of GA, LLC</u>, No. 5:10-CV-463 (MTT), 2012 WL 13544, at *5 (M.D. Ga. 2012) ("[G]iven the purpose of FIRREA, it seems logical to conclude that Congress would not have intended that the FDIC . . . would be barred from federal court.").

5

B.      Analysis

Plaintiffs argue that the Court should remand this case because, among

other reasons, the FDIC is not a defendant, and therefore 12 U.S.C. § 1819 does

not confer subject matter jurisdiction. (Pl.'s Remand Br., Dkt. [7-1] at 16-17.)

Defendant contends that Rogers was acting as an agent of the FDIC-R and may

therefore remove the action given the broad scope of FIRREA. (Def.'s Resp.,

Dkt. [10] at 10-16.)  The Court agrees.

The definition of "attorney" encompasses the relationship of agent and

principal. BLACK'S LAW DICTIONARY 128 (6th ed. 1990) ("In the most general

sense this term denotes an agent or substitute, or one who is appointed and

authorized to act in the place or stead of another. An agent, or one acting on

behalf of another."). "An attorney at law acts as an agent for his

client/principal." Newell v. Brown, 369 S.E.2d 499, 504 (Ga. Ct. App. 1988);

see also Jackson v. Fincher, 195 S.E.2d 762, 764 (Ga. Ct. App. 1973) ("[A]n

attorney at law is an agent of the highest rank. All attorneys at law are agents

for their principal . . . .").

The FDIC-R hired Rogers to conduct the levy on the Martins' property.

At all relevant times during the levy proceedings, Rogers was acting as the

6

FDIC-R's attorney and agent. It is well established that the actions of an agent are essentially the actions of a principal, and an agent may expose its principal to liability when the agent acts with the apparent authority of the principal. See Am. Soc. of Mech. Eng'rs, Inc. v. Hydrolevel Corp., 456 U.S. 556, 565-66 (1982) ("[U]nder general rules of agency law, principals are liable when their agents act with apparent authority and commit torts . . . .").

Moreover, because Rogers was collecting a judgment that had been rendered in favor of the FDIC-R, this suit implicates the FDIC-R's rights and its ability to collect a judgment. Even in cases where the FDIC itself is not named as a party, courts have permitted removal when "[t]he Plaintiff is seeking to fulfill the FDIC's mandate to collect assets of troubled banks." RES GA Four, 2012 WL 13544, at *5. For these reasons, and because Congress's intent was to provide the FDIC—in any capacity—with broad access to federal courts, removal of this case was proper.  See 12 U.S.C. §1819(b)(2)(A) ("Except as provided in subparagraph (D), *all suits* . . . to which the [FDIC], *in any capacity*, is a party shall be deemed to arise under the laws of the United

7

States." (emphasis added)).[2]  Accordingly, Plaintiffs' Motion to  Remand [7] is **DENIED**.

## II.     Defendant's Motion to Dismiss [2]

### A.     Legal Standard

According to Federal Rule of Civil Procedure 12(b)(6), when considering a motion to dismiss, a federal court must accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). The court must also view any reasonable inference     that can be drawn from the facts in a light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, a mere offering of "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" in the pleading will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it

---

[2]The narrow exception in Subparagraph (D) is inapplicable here.  That exception only applies when three conditions are met: "the FDIC was appointed receiver by a State authority; the case involves only preclosing rights against the insured depository or obligations owing to depositors, creditors, or shareholders; and, that only interpretation of state law is necessary."  Lazuka, 931 F.2d at 1535. Plaintiffs have made no allegations to satisfy these elements.

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. The allegations do not require the plaintiff to argue her right to relief with certainty; rather, the plaintiff must only submit factual allegations that "raise the right to relief above a speculative level." Twombly, 550 U.S. at 561.

B.      Analysis

Defendant moves for dismissal based in part on Plaintiffs' failure both to join the FDIC-R and to exhaust their administrative remedies before filing suit. (Def.'s Br., Dkt. [2-1] at 7-8.)  Plaintiffs argue, however, that the FDIC-R is neither a required nor indispensable party and so the exhaustion requirement does not apply.  (Pls.' Resp., Dkt. [8] at 2-4.)

When Congress enacted FIRREA, it "anticipated that, as a receiver for failed lending entities, the [FDIC] would face numerous claims from various parties." Stamm v. Paul, 121 F.3d 635, 639 (11th Cir. 1997). In order to reduce the potential voluminous litigation in the courts related to these claims, Congress established limits on judicial review by imposing an administrative exhaustion requirement in 12 U.S.C. § 1821(d)(13)(D). Id.; see also Interface Kanner, LLC v. JPMorgan Chase Bank, N.A., 704 F.3d 927, 934 (11th Cir. 2013) ("While FIRREA does not provide an explicit mandate for exhaustion of

AO 72A
(Rev.8/82)

administrative remedies[,] [its] provisions are accepted by the cases and by Congress as having that meaning." (alteration in original) (citation omitted) (internal quotation marks omitted)); <u>Am. First Fed., Inc. v. Lake Forest Park, Inc.</u>, 198 F.3d 1259, 1263 (11th Cir. 1999) ("There is consensus among the circuits that all claims that fall within the[] categories [of 12 U.S.C. § 1821(d)] are subject to the exhaustion requirement." (citations omitted)).

The Eleventh Circuit has construed 12 U.S.C. § 1821(d)(13)(D) to limit judicial review and impose an administrative exhaustion requirement for the following:

> (1) claims for payment from assets of any depository institution for which the [FDIC] has been appointed receiver;
> (2) actions for payments from assets of such depository institutions;
> (3) actions seeking a determination of rights with respect to the assets of such depository institutions; and
> (4) . . . claim[s] relating to any act or omission of such institution or the [FDIC] as receiver.

<u>Am. First Fed.</u>, 198 F.3d at 1263 (quoting <u>Nat'l Union Fire Ins. Co. v. City Savings</u>, 28 F.3d 376, 393 (3d Cir. 1994); <u>see also</u> <u>Bobick v. Cmty. & S. Bank</u>, 743 S.E.2d 518, 526 (Ga. Ct. App. 2013).

10

The present lawsuit implicates both the third and fourth categories. First, this case is an action seeking to determine the rights to the assets of an institution for which the FDIC is a receiver. Although Plaintiffs do not expressly ask the Court to rule on whether the FDIC-R has a right to certain joint property or property owned by the Trust, they implicitly ask the Court to make such a determination by seeking a ruling on the wrongful levy and trespass claims against Rogers. If the Court determines that Rogers conducted a wrongful levy or trespassed on the Trust's property, the Court would essentially rule that the FDIC-R does not have any rights to the property at issue.

Additionally, this case arises from a claim relating to an act of the FDIC-R. As discussed in Part I.B., _supra_, Rogers acted as attorney and agent for her client, the FDIC-R. She allegedly committed several torts when she acted on behalf of the FDIC-R. It follows that the claims against Rogers are claims relating to an act of the FDIC-R and necessarily fall within the purview of the statute.

Because Plaintiffs' claims involve a determination of the FDIC-R's rights to the property and relate to an act of the FDIC-R, pursuant to 12 U.S.C. § 1821(d)(13)(D), Plaintiffs are first required to exhaust their administrative

11

remedies before the Court may consider their claims. Accordingly, Defendant's

Motion to Dismiss [2] is **GRANTED**.

### Conclusion

In accordance with the foregoing, Plaintiffs Barbara Martin and the

Thomas J. Martin Profit Sharing Plan and Trust's Motion to Remand [7] is

**DENIED**, Defendant Beth Rogers's Motion to Dismiss [2] is **GRANTED**, and

the case is **DISMISSED, without prejudice**.

**SO ORDERED**, this __19th__ day of March, 2014.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

12